# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## HELENA DIVISION

LATOYIN DAVIS                                                                                                           PLAINTIFF
ADC #138224

V.                                            NO: 2:08CV00171 WRW/HDY

GREG HARMON *et al.*                                                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, an inmate at the Pine Bluff Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, on September 17, 2008, alleging that he was given an improper medical classification, and required to work beyond his ability while he was held at the ADC's East Arkansas Regional Unit ("EARU"). A pre-jury evidentiary hearing was held on October 27, 2009, after which the Court entered an order allowing the parties an opportunity to file motions for summary judgment (docket entry #125). On November 16, 2009, Defendants Richard Clark and Correctional Medical Services, Inc. ("CMS"), filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #134-#136). Plaintiff filed a response on December 7, 2009 (docket entry #142). Plaintiff filed a motion for summary judgment on November 20, 2009 (docket entry #140)

### I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

Plaintiff sustained injuries to his neck, knee, and shoulder, before he came to the ADC. Also prior to his incarceration, Plaintiff had a spinal fusion of the C5-C6 and C6-C7 vertebral discs, and knee surgery. The surgeon who performed the neck surgery in 2002, Dr. R. Schuyler Gooding, assigned lifting restrictions, restrictions against prolonged standing, beating or banging, and prohibited heavy, intense labor for a year (docket entry #136, exhibit B, deposition page #19; docket entry #140, pages #5-#6).

After initially being held at the ADC's Diagnostic Unit, Plaintiff transferred to the EARU on April 17, 2007, with no restrictions (docket entry #136, exhibit A, page #1), and was assigned to field duty by ADC officials. After a walk-in visit to the unit infirmary on April 19, 2007, Plaintiff was restricted to no duty for five days. Plaintiff was seen again on April 30, 2007, where he was

3

referred to a physician for his complaints of shoulder and neck pain. Plaintiff's sister also faxed a copy of Gooding's 2002 report to the unit infirmary on April 30, 2007. Clark saw Plaintiff on May 4, 2007, and issued new medical restrictions. Despite the new restrictions, Plaintiff was still not removed from field duty by ADC officials. On May 7, 2007, Clark restricted Plaintiff to one arm duty, and he was removed from field duty by ADC officials.

Plaintiff transferred to federal custody on July 3, 2007, where he remained until May 7, 2008, when he returned to the ADC (docket entry #140, page #8). Plaintiff received diagnostic tests on June 23, 2009, and underwent shoulder surgery on September 4, 2009, for an injury he allegedly sustained while he was performing field duty (docket entry #140).

Plaintiff has raised two distinct claims: that he was forced to work at a job which was beyond his capabilities, and that needed medical care was delayed.

In challenging his initial work assignment, Plaintiff is essentially asserting that Defendants failed to protect him from the risks he faced if he performed field work. In *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), the Court held that, in order for a prisoner to recover against prison officials for failing to protect him, he must prove that: (1) "he [was] incarcerated under conditions posing a substantial risk of serious harm"; and (2) the prison official was deliberately indifferent to that substantial risk of serious harm. In defining deliberate indifference, the Court, in *Farmer,* explained:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; *the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference*.

*Id.* at 837 (emphasis added). Additionally, the Eighth Circuit has explained that this rigorous standard of proof is appropriate because "only the unnecessary and wanton infliction of pain

4

implicates the Eighth Amendment." *Jensen v. Clarke*, 73 F.3d 808, 810 (8th Cir. 1996) (*citing Wilson v. Seiter,* 501 U.S. 294, 297 (1991)). In the context of work assignments, prison officials are deliberately indifferent if they knowingly require inmates to perform work which is beyond their physical abilities. *Choate v. Lockhart*, 7 F.3d 1370, 1374 (8th Cir.1993).

The evidence does not demonstrate that either Clark or CMS was deliberately indifferent to a substantial risk of serious harm Plaintiff faced when they assigned him a medical classification that allowed him to perform field work when he first arrived at the EARU. Plaintiff's initial classification was made on April 17, 2007, by a non-party nurse after an examination. Clark apparently first saw Plaintiff on May 4, 2007, and restricted his activity. When the restrictions were insufficient to remove Plaintiff from field work, and Plaintiff continued to complain of problems, Clark ordered further restrictions which resulted in Plaintiff's removal from field work. Clark's actions do not demonstrate deliberate indifference to Plaintiff's safety in the context of his work assignment. Rather, Clark increased Plaintiff's restrictions to the extent that Plaintiff was removed from field duty.

Likewise, there is no evidence of a unconstitutional CMS policy or practice that would force inmates to work under conditions that endanger their health. A corporation acting under color of state law will be held liable only for its own unconstitutional practices. *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993); *citing Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978). Because there is no evidence of such a policy or practice, Plaintiff has no claim against CMS for his work assignment.

Plaintiff also claims that treatment for his shoulder injury was delayed from sometime in April or May of 2007, until September of 2009, when he had surgery on his shoulder. However,

Plaintiff has presented no evidence, either in his motion for summary judgment, or at the pre-jury hearing, that any delay in treatment negatively impacted his prognosis. *See Coleman v. Rahja*, 114 F.3d 778, 784 (8th Cir. 1997) (allegations that a delay in medical care constitutes a constitutional violation must eventually be supported by verifying medical evidence establishing the detrimental effect of the delay). Furthermore, although Plaintiff spent approximately 10 months in federal custody from July of 2007 until his return to the ADC in May of 2008, there is no evidence that any physician there recommended different or more aggressive treatment than what Plaintiff received at the ADC. Accordingly, no reasonable jury could conclude that either Clark, or CMS, was deliberately indifferent to Plaintiff's medical needs.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. The motion for summary judgment filed by Defendants Richard Clark and Correctional Medical Services, Inc. (docket entry #134) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2. Plaintiff's motion for summary judgment (docket entry #140) be DENIED.

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __15__ day of January, 2010.

_____
UNITED STATES MAGISTRATE JUDGE